UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS K. MILLS,<br><br>  Plaintiff,<br><br>  v.<br><br>J. RIVERA, et al.,<br><br>  Defendants. | Case No. 1:21-cv-01324-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED AS DUPLICATIVE OF CASE NO. 1:21-CV-01193-HBK AND ALL PENDING MOTIONS BE DENIED AS MOOT<br><br>(ECF No. 1)<br><br>FOURTEEN (14) DAY DEADLINE<br><br>ORDER DIRECT CLERK TO ASSIGN A DISTRICT JUDGE AND VACATING ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* |

Plaintiff Thomas K. Mills ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. For the following reasons, the Court recommends that this action be dismissed as duplicative of *Thomas K. Mills v. I.Z. Jones, et al.,* Case No. 1:21-cv-01193-HBK ("*Mills* I"). In light of this recommendation, the Court will vacate the order granting *in forma pauperis* status and further recommends that all other pending motions be denied as moot.

///

## I. LEGAL STANDARD

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion."[1] *Adams*, 487 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; s*ee also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688.

## II. DISCUSSION

Plaintiff filed the complaint in *Mills* I on August 6, 2021. (*Mills* I, ECF No. 1.) On August 9, 2021, Magistrate Judge Helena Barch-Kuchta entered an order directing Plaintiff to submit an application to proceed *in forma pauperis* or pay the filing fee within thirty (30) days. (*Mills* I, ECF No. 4.)

---

[1] The primary difference between dismissing a case as duplicative and dismissing a case under the doctrine of claim preclusion is that a final judgment need *not* have been entered to dismiss a case as duplicative while claim preclusion requires a final judgment on the merits. *Cook v. C.R. England, Inc.*, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012). A final judgment has not been entered in *Mills* I. Accordingly, the Court does not apply the doctrine of claim preclusion.

2

On September 2, 2021, Plaintiff filed the complaint in this case along with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.) Plaintiff also filed a motion for appointment of counsel and motion to stay that are currently pending before the Court. (ECF Nos. 3, 4.)

In this case, as well as in *Mills* I, Plaintiff alleges that officers at North Kern State Prison beat him in the program office while he was cuffed. (ECF No. 1; *Mills* I, ECF No. 1.) In this case, Plaintiff attaches a medical report indicating that the incident occurred on June 6, 2021. (ECF No. 1 at 4.) In *Mills* I, Plaintiff also alleges that the incident occurred on June 6, 2021. (*Mills* I, ECF No. 1 at 3.) In comparing the complaints, "it is clear that the . . . actions share a common transaction nucleus of facts." *Adams*, 487 F.3d at 689.

The complaint in this case names J. Rivera and Z. Jones as defendants. (ECF No. 1.) The *Mills* I complaint names I.Z. Jones, D. Tadia, and M. Naviaiz as defendants. (*Mills* I, ECF No. 1.) Although Plaintiff names slightly different individuals as defendants, both cases describe the incident at issue as involving three North Kern State Prison M-Yard officers. (ECF No. 1 at 3; *Mills* I, ECF No. 1 at 3.)[2] Plaintiff's complaint in *Mills* I also indicates that he may be unsure of the correct names for each defendant, as Plaintiff states that "Officer Z. Jones knows the names of the other . . . officers I'm alleging in my complaint." (*Mills* I, ECF No. 1 at 6.) Officer Z. Jones is also named as a defendant in both cases.[3] (ECF No. 1; *Mills* I, ECF No. 1.)

In this case, Plaintiff requests relief in the form of an explanation from each officer, to have their jobs terminated, $20,000 from each defendant, and $5,000 in punitive damages from each defendant. (ECF No. 1 at 3.) In *Mills* I, Plaintiff requests monetary payment of $10,000 from each defendant and $5,000 for "negligence punitive damages award." (*Mills* I, ECF No. 1 at 3.)

---

[2] Plaintiff attached a note to the end of the *Mills* I complaint stating that he would like to amend his complaint and "add[] officer Z. Jones as one of the . . . officers who beat me[.]" (*Mills* I, ECF No. 1 at 6.) Plaintiff further states "if theres a case number, will you place the case number on my amended complaint and title page? Thank you." (*Id.*) Although it is not clear from the record, Plaintiff may have intended the complaint filed in this case to serve as an amended complaint in *Mills* I, and may have sought to file the *in forma pauperis* application in response to Magistrate Judge Barch-Kuchta's order in *Mills* I. If Plaintiff intended to file the motion to proceed *in forma pauperis,* motion to appoint counsel, or motion to stay in *Mills* I, he should resubmit those filings and include the *Mills* I case number, 1:21-cv-01193-HBK, in the caption. Additionally, to the extent Plaintiff wishes to include additional factual allegations in support of his claims, he should file an appropriate request to amend or supplement the complaint in his original case rather than filing additional new cases.

[3] In *Mills* I, Officer Z. Jones is identified as Officer I.Z. Jones. (*See* Mills I, ECF No. 1 at 2.)

Based on the foregoing, the Court finds that the claims, relief sought, and parties to this action and to *Mills* I do not significantly differ. The instant case is therefore duplicative of *Mills* I. Further, both cases are in early stages and have not yet been screened. Thus, weighing the equities, the Court recommends that this case be dismissed. Additionally, in light of this recommendation, the Court will recommend that the pending motion to appoint counsel and motion to stay be denied as moot, and will further vacate its order granting *in forma pauperis* status.

### III.   CONCLUSION, ORDER, AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to randomly assign a District Judge to this action;
2. The Court's order granting Plaintiff's motion to proceed *in forma pauperis* is VACATED and the Director of the California Department of Corrections and Rehabilitation is no longer required to collect payments pursuant to that order; and
3. The Clerk of Court is directed to serve copies of this order on the Director of the California Department of Corrections and Rehabilitation via the Court's electronic case filing system (CM/ECF) and on the Financial Department, U.S. District Court, Eastern District of California, Sacramento Division.

Furthermore, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed as duplicative of *Thomas K. Mills v. I.Z. Jones, et al.*, Case No. 1:21-cv-01193-HBK;
2. Plaintiff's motion to appoint counsel (ECF No. 3) and motion to stay (ECF No. 4) be denied as moot; and
3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B). Within fourteen (14) days after service of the findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the

Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **September 3, 2021**          /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE